UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATHAN McCUE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 20-cv-7318 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| OFFICER JEFFREY JOHNSON, | ) | Hon. Judge Nancy L. Maldonado |
| CITY OF YORKVILLE, KENDALL COUNTY, | ) | |
| UNKNOWN OFFICERS, and | ) | |
| UNKNOWN PARAMEDICS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF YORKVILLE AND OFFICER
JEFFREY JOHNSON'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME the Defendants, JEFFREY JOHNSON and CITY OF YORKVILLE, by their attorneys, MICHAEL D. BERSANI and ANDREA M. NIKOLAI of HERVAS, CONDON & BERSANI, P.C., and for their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, state as follows:

**Nature of Action**

1. This action is brought pursuant to title 42 U.S.C. §1983 and §1988, to redress deprivations of Plaintiff's civil rights by the Defendants in connection with an incident occurring on December 10, 2018.

**ANSWER:** **Defendants admit that this action is brought pursuant to 42 U.S.C. §1983 and §1988 in connection with an incident that occurred on December 10, 2018, but deny the remaining allegations contained in paragraph 1 and further deny violation of said statutes.**

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

**ANSWER:** **Defendants admit the allegations contained in paragraph 2.**

3. At all relevant times, Plaintiff was a resident of the State of Illinois in this Judicial District.

**ANSWER:** **Defendants lack knowledge or information sufficient to admit the truth of the allegations in paragraph 3.**

4. At all relevant times, Defendant CITY OF YORKVILLE (hereinafter "**Yorkville**") employed the Defendant, OFFICER JEFFREY JOHNSON (hereinafter "**Johnson**"), as well as Defendants, UNKNOWN OFFICERS (hereinafter the "**Unknown Officers**") (collectively with Johnson, the "**Officer Defendants**").

**ANSWER:** **Defendants admit the allegations contained in paragraph 4 but do not answer on behalf of Unknown Officers who are subject to a motion to dismiss.**

5. The Officer Defendants were at all relevant times employed by Yorkville as duly appointed police officers acting within the course and scope of their employment and under color of law. The Unknown Officers are being sued in their individual capacity with respect to the federal claims.

**ANSWER:** **Defendants admit the allegations contained in paragraph 5 but do not answer on behalf of Unknown Officers who are subject to a motion to dismiss.**

6. The state claims against Yorkville are being advanced both on a *respondeat superior* basis, as it is the employer of the Officer Defendants, and pursuant to Illinois' indemnification statute.

**ANSWER:** **Defendants admit that state claims under theories of *respondeat superior* and statutory indemnification have been brought against Yorkville as the employer of the Officer Defendants but that the *respondeat superior* claim**

>  **and the claims against the Unknown Officers are subject to a motion to dismiss.**

7. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**ANSWER:** **Defendants admit the allegations contained in paragraph 7.**

### Facts

8. On December 4, 2018, Yorkville police officers were dispatched to Plaintiff's residence upon receiving a report of a large tarp displaying the letters "**S.O.S.**" hanging from the roof of his home.

**ANSWER:** **Defendants admit the allegations contained in paragraph 8.**

9. While not making contact with Plaintiff, the responding officer viewed Plaintiff's social media page and discovered a contemporaneous post indicating:

> There's an S.O.S. on top of my roof right now, I'm waiting for the FBI and every news station around to get here. The Police might try to enter without my permission. My address is [Plaintiff's address].

**ANSWER:** **Defendants admit the allegations contained in paragraph 9.**

10. The officer further discovered other posts, which he described as paranoid, concerning the police and undercover surveillance.

**ANSWER:** **Defendants admit the allegations contained in paragraph 10.**

11. The responding officer then spoke with one of Plaintiff's family members who advised the officer that Plaintiff "had been very paranoid lately" and "thinks that the police are following him everywhere he goes."

**ANSWER:** **Defendants admit the allegations contained in paragraph 11.**

12. Less than a week later, on December 10, 2018, members of Plaintiff's family advised Yorkville that they had sought Plaintiff's involuntary commitment and requested police assistance in effectuating the same.

**ANSWER:** **Defendants admit the allegations contained in paragraph 12.**

13. On that date, Johnson arrived at Plaintiff's residence, accompanied by two other Unknown Officers.

**ANSWER:** **Defendants admit that the allegations contained in paragraph 13.**

14. Upon the Officer Defendants' arrival, Plaintiff was standing outside with approximately five to six other individuals. At this time, Plaintiff was not violating any laws, rules, or ordinances. Additionally, at that time, there was no probable cause or reasonable suspicion to believe that Plaintiff was violating any laws, rules, or ordinances.

**ANSWER:** **Defendants deny that there were five or six individuals standing outside with Plaintiff upon the Officers' arrival. Defendants admit the remaining allegations contained in paragraph 14.**

15. By virtue of their earlier visit to Plaintiff's residence and communication with Plaintiff's family members, Defendants had knowledge that Plaintiff suffered from paranoia.

**ANSWER:** **Defendants admit the allegations contained in paragraph 15.**

16. Even though there was no lawful justification for doing so, at the above-referenced date and location, Johnson and one or more of the Unknown Officers, without warning or identifying himself, tackled Plaintiff to the ground from behind, restricting him from moving.

**ANSWER:** **Defendants deny the allegations contained in paragraph 16.**

17. Upon being tackled, Plaintiff repeatedly asked Johnson and the Unknown Officers to identify themselves. The officers did not respond.

**ANSWER:** **Defendants deny the allegations contained in paragraph 17.**

4

18. Plaintiff pled for Johnson and the Unknown Officers to stop and to get off of him, crying out for help.

**ANSWER:** **Defendants deny the allegations contained in paragraph 18.**

19. Without lawful justification, one or more of the Officer Defendants then threatened to tackle Plaintiff again.

**ANSWER:** **Defendants deny the allegations contained in paragraph 19.**

20. As a result of being tackled and viciously thrown to the ground, Plaintiff suffered a laceration on his arm, ribs, and head. He was treated for those injuries upon arrival at Edward Hospital.

**ANSWER:** **Defendants deny the allegations contained in paragraph 20.**

21. In addition to suffering physical injuries, Plaintiff's mental health was severely impacted following the December 10, 2018, incident.

**ANSWER:** **Defendants deny the allegations contained in paragraph 21.**

22. Johnson and the Unknown Officers then detained Plaintiff and placed him in handcuffs before placing him in the ambulance and transporting him to Edward Hospital.

**ANSWER:** **Defendants admit the allegations contained in paragraph 22.**

23. Johnson rode with Plaintiff in the ambulance to Edwards Hospital. Multiple times during transit, Plaintiff asked Johnson to loosen his handcuffs, as they were causing him pain.

**ANSWER:** **Defendants admit that Officer Johnson rode with Plaintiff in the ambulance to a hospital and that Plaintiff mentioned the cuffs were tight but deny the remaining allegations contained in paragraph 23.**

24. Johnson refused all of Plaintiff's requests, telling Plaintiff "*when you are a prick, you don't get things*."

**ANSWER:** **Defendants deny the allegations contained in paragraph 24.**

25. During the ambulance ride, Johnson called Plaintiff a "*dip shit*" and threatened that he and his fellow officers "*could have fucking bit, punched, kicked, or tazed*" and warned him to "*shut the fuck up*."

**ANSWER:** **Defendants admit the allegations contained in paragraph 25.**

26. Throughout the entirety of the above-referenced actions, neither Johnson nor the Unknown Officers identified themselves to Plaintiff or told Plaintiff why he was being detained and taken to the hospital.

**ANSWER:** **Defendants deny the allegations contained in paragraph 26.**

27. The above-referenced actions were undertaken by the Officer Defendants without legal justification and without probable cause.

**ANSWER:** **Defendants deny the allegations contained in paragraph 27.**

28. All of the Officer Defendants' above-referenced acts were intentional and/or willful and wanton and/or unreasonable.

**ANSWER:** **Defendants deny the allegations contained in paragraph 28.**

### Count I - 42 U.S.C. §1983
### Excessive Force – The Officer Defendants

29. Plaintiff realleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

**ANSWER:** **Defendants restate and incorporate their answers to each paragraph above as though fully restated herein.**

30. As described above, the Officer Defendants used excessive, unreasonable and unwarranted force against Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in paragraph 30.**

31. The misconduct was undertaken by the Officer Defendants under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** **Defendants admit the officers acted under color of law and under the course and scope of employment but deny the remaining allegations contained in paragraph 31.**

32. The acts of the Officer Defendants were undertaken in violation of Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:** **Defendants deny the allegations contained in paragraph 32.**

33. As a direct and proximate result of the acts of the Officer Defendants, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** **Defendants deny the allegations contained in paragraph 33.**

WHEREFORE, Defendants JEFFREY JOHNSON and CITY OF YORKVILLE deny that Plaintiff is entitled to any relief requested and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

## Count II - 42 U.S.C. §1983
### Unlawful Detention – the Officer Defendants

34. Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 34.

**ANSWER:** **Defendants restate and incorporate their answers to each paragraph above as though fully restated herein.**

35. As described above, the Officer Defendants unreasonably seized and/or unlawfully detained Plaintiff's person.

**ANSWER:** **Defendants deny the allegations contained in paragraph 35.**

36. The misconduct was undertaken by the Officer Defendants under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** **Defendants admit the officers acted under color of law and under the course and scope of employment but deny the remaining allegations contained in paragraph 31.**

37. The acts of the Officer Defendants were undertaken in violation of Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:** **Defendants deny the allegations contained in paragraph 37.**

38. As a direct and proximate result of the acts of the Officer Defendants, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** **Defendants deny the allegations contained in paragraph 38.**

WHEREFORE, Defendants JEFFREY JOHNSON and CITY OF YORKVILLE deny that Plaintiff is entitled to any relief requested and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

**Count III – Illinois State Law**
*Respondeat Superior* **Battery – City of Yorkville**

**Defendants make no response to the allegations contained in Count III of Plaintiff's First Amended Complaint because it is subject to a FRCP 12(b)(6) motion to dismiss.**

**Count IV – Illinois State Law**
*Respondent Superior* **False Detention/Arrest – Yorkville**

**Defendants make no response to the allegations contained in Count IV of Plaintiff's First Amended Complaint because it is subject to a FRCP 12(b)(6) motion to dismiss.**

### Count V - Illinois State Law
### Indemnification – Yorkville

47. Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 47.

**ANSWER:** **Defendants restate and incorporate their answers to each paragraph above as though fully restated herein.**

48. At all relevant times the Officer Defendants were acting under color of law and under the course and scope of their employment.

**ANSWER:** **Defendants admit the allegations contained in paragraph 48.**

49. At all relevant times Yorkville was the employer of the Officer Defendants.

**ANSWER:** **Defendants admit the allegations contained in paragraph 49.**

WHEREFORE, Defendants JEFFREY JOHNSON and CITY OF YORKVILLE deny that Plaintiff is entitled to any relief requested and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

**s/ Michael D. Bersani**
MICHAEL D. BERSANI, Atty Bar No. 06200897
ANDREA M. NIKOLAI, Atty Bar No. 06318008
*Attorney for Defendants City of Yorkville & Jeffrey Johnson*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774   F: 630-773-4851
mbersani@hcbattorneys.com
anikolai@hcbattorneys.com

**FIRST AFFIRMATIVE DEFENSE**

NOW COME the Defendants, JEFFREY JOHNSON and CITY OF YORKVILLE, by and through their attorneys, MICHAEL D. BERSANI and ANDREA M. NIKOLAI of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's First Amended Complaint, state as follows:

Defendant Johnson did not violate any clearly established constitutional rights of which a reasonable person would have known and, therefore, he is entitled to qualified immunity from suit. Absent individual liability, the Defendant City is not liable.

WHEREFORE, Defendants JEFFREY JOHNSON and CITY OF YORKVILLE deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

**SECOND AFFIRMATIVE DEFENSE**

NOW COME the Defendants, JEFFREY JOHNSON and CITY OF YORKVILLE, by and through their attorneys, MICHAEL D. BERSANI and ANDREA M. NIKOLAI of HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's First Amended Complaint, state as follows:

1. At the time and place alleged in Plaintiff's Complaint, it was the duty of Plaintiff to use ordinary care for his own health and safety.

2. Plaintiff breached the above duty of care by resisting and fighting with the police which was the proximate cause of his injuries.

WHEREFORE, Defendants JEFFREY JOHNSON and CITY OF YORKVILLE deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

    Respectfully submitted,

    **s/ Michael D. Bersani**
    MICHAEL D. BERSANI, Atty Bar No. 06200897
    ANDREA M. NIKOLAI, Atty Bar No. 06318008
    *Attorney for Defendants City of Yorkville & Jeffrey Johnson*
    HERVAS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL  60143-3156
    P:  630-773-4774     F:  630-773-4851
    mbersani@hcbattorneys.com
    anikolai@hcbattorneys.com

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATHAN McCUE,                       ) | |
|                                                     ) | |
|     Plaintiffs,                     ) | Case No. 20-cv-7318 |
|                                                     ) | |
| vs.                                            ) | JURY TRIAL DEMANDED |
|                                                     ) | |
| OFFICER JEFFREY JOHNSON,   ) | |
| CITY OF YORKVILLE, KENDALL COUNTY, ) | |
| UNKNOWN OFFICERS, and       ) | |
| UNKNOWN PARAMEDICS,         ) | |
|                                                     ) | |
|     Defendants.                  ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **October 14, 2022**, I electronically filed the foregoing *Answer and Affirmative Defenses to Plaintiff's First Amended Complaint* with the Clerk of the District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notification to the CM/ECF participants:

**TO:**   Howard A. London
          Matthew D. Elster
          Beermann, Pritikin & Mirabelli
          161 N. Clark Street, Suite 2600
          Chicago, IL 60601-3243
          halondon@beermannlaw.com
          mdelster @beermannlaw.com

                                               **s/ Michael D. Bersani**
                                               MICHAEL D. BERSANI, Atty Bar No. 06200897
                                               ANDREA M. NIKOLAI, Atty Bar No. 06318008
                                               *Attorney for Defendants City of Yorkville & Jeffrey Johnson*
                                               HERVAS, CONDON & BERSANI, P.C.
                                             333 Pierce Road, Suite 195
                                             Itasca, IL  60143-3156
                                             P:  630-773-4774      F:  630-773-4851
                                             mbersani@hcbattorneys.com
                                             anikolai@hcbattorneys.com